IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Isaiah Brown, | ) | C/A No.: 1:21-2784-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| South Carolina Department of Corrections; Joey Wesley Tutt, in his individual capacity as a Corrections Officer at McCormick Corrections Institution, and John Does 1–10, | ) | RECOMMENDATION AND ORDER |
| | ) | |
| Defendants. | ) | |

In this case, a prisoner attempts to sue a corrections officer, and the corrections officer's employer, where the prisoner has already attempted to sue the corrections officer over the same alleged incident.

Isaiah Brown ("Plaintiff") originally filed the instant complaint in the McCormick County Court of Common Pleas ("state court"), asserting a claim pursuant to 42 U.S.C. § 1983 against Joey Wesley Tutt ("Tutt"), in his individual capacity as a corrections officer at McCormick Corrections Institution, for alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights. Plaintiff additionally asserts multiple negligence-based claims against the South Carolina Department of Corrections ("SCDC") and

has named as additional defendants multiple John Does. Tutt, with SCDC's consent, removed this case to this court on August 27, 2021.

This matter comes before the court on Tutt's motion to dismiss. [ECF No. 10]. Tutt's motion having been fully briefed [ECF Nos. 15, 16], it is ripe for disposition. Also before the court is SCDC's motion to dismiss [ECF No. 14] and the parties' consent motion for extension of time for briefing on SCDC's motion to dismiss. [ECF No. 17].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned denies the parties' consent motion as moot and recommends the district judge grant Tutt's motion to dismiss and deny SCDC's motion to dismiss.

I.   Factual and Procedural Background

On June 28, 2021, Plaintiff, proceeding with counsel, filed the instant lawsuit, alleging that on August 8, 2019, Tutt assaulted Plaintiff by using unauthorized chemical munitions and by punching and kicking Plaintiff, in violation of Plaintiff's Eighth and Fourteenth Amendment rights. [ECF No. 1]. Plaintiff further alleges he received no emergency care or medical care, and also asserts multiple negligence-based claims against SCDC, including negligent hiring, supervision, and retention of Tutt. *See id.*

Previously, on September 3, 2019, Plaintiff, proceeding pro se, filed a lawsuit in this court, *Brown v. Tutt*, C/A No. 19-2481-DCN-SVH ("*Brown I*"). In *Brown I*, Plaintiff also alleged that on August 8, 2019, Tutt assaulted him by using unauthorized chemical munitions and by punching and kicking him, in violation of his Eighth Amendment rights. [*Brown I*, ECF No. 1]. On March 20, 2020, following discovery conducted by the parties, Tutt filed a motion for summary judgment. [*Brown I*, ECF No. 39]. Plaintiff failed to respond, even after multiple court orders directing him to do so. The case was dismissed with prejudice for failure to prosecute on June 1, 2020. [*Brown I*, ECF No. 47].

In this case, Tutt filed the instant motion to dismiss on September 14, 2021, arguing in part that Plaintiff's claims against him are barred by res judicata. In response, Plaintiff admits "a § 1983 claim may not be properly maintained against Defendant Tutt in federal court" and requests that "that the Plaintiff's §1983 claim be dismissed, and that this Court dismiss, without prejudice, Plaintiff's remaining state law claims so that Plaintiff may refile his state law claims in state court." [ECF No. 15 at 2].[1]

---

[1] Additionally, on August 25, 2021, SCDC filed a motion to dismiss Plaintiff's claims in state court, arguing in part that Plaintiff's claims against SCDC are also barred as to SCDC by res judicata in that SCDC is in privity with Tutt. [ECF No. 13-2]. On September 28, 2021, SCDC filed the same motion to the dismiss in this court. [ECF No. 14]. That motion has not been briefed and fails to comply with Local Civ. Rule 7.04 and 7.05 (D.S.C.). Accordingly, the

II.  Discussion

   A.   Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

   B.   Analysis

"The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). Under the doctrine of res

---

undersigned recommends the district judge deny SCDC's motion to dismiss. *See, e.g., Trexler v. Giese*, C/A No. 3:09-144-CMC-PJG, 2010 WL 3218883, at *2 (D.S.C. Aug. 12, 2010) (adopting report and recommendation denying motion to dismiss for failure to comply with Local Civ. Rule 7.04 (D.S.C.)).

4

judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citations omitted).

The following three elements must be met for claim preclusion to apply: "(1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citing *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)).

Here, Plaintiff's claims brought in this suit are barred by claim preclusion. First, *Brown I* was dismissed with prejudice for Plaintiff's failure

5

to prosecute. Under the Federal Rules of Civil Procedure and this court's precedent, the dismissal operates as an adjudication on the merits with preclusive effect. Fed. R. Civ. P. 41(b) states that if a plaintiff fails to prosecute or comply with these rules or a court order, a dismissal under this rule operates as an adjudication on the merits. *See also Orca Yachts, L.L.C.*, 287 F.3d at 319.

Second, in both *Brown I* and the instant case, Plaintiff has sued Tutt; thus, the parties are identical. In the instant case, Plaintiff has additionally sued SCDC. However, SCDC is in privity with Tutt.[2] *See Green v. Richardson*, C/A No. 6:14-2595-MGL, 2015 WL 4459045, at *6 (D.S.C. July 21, 2015) (holding "defendants in this action and the SCDC are in privity for the purposes of the plaintiff's claims as they represent the same legal interests," where "plaintiff's current claims arise out of the same occurrence that was the subject of the prior state court action, and the plaintiff clearly had the opportunity to bring his current claims in the prior state court action" even though the first suit was brought against SCDC pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* ("SCTCA")

---

[2] Although the issue of whether Plaintiff's claims against SCDC are barred by res judicata has not been raised properly before this court, the court may raise the issue of res judicate *sua sponte*. *See, e.g., Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir.2006); *Garrett v. Ozmint*, C/A No. 6:08-0399-HMH-WMC, 2008 WL 5244542, at *4 (D.S.C. Dec. 15, 2008); *McFadden v. Fuller*, C/A No. 5:13-02290-JMC, 2015 WL 366864, at *10 n.4 (D.S.C. Jan.

6

and the second suit against individual corrections officers pursuant to 42 U.S.C. § 1983); *Timpson v. Pondexter*, C/A No. 5:17-00760-PMD-KDW, 2017 WL 6280871, at *3 (D.S.C. Nov. 15, 2017), report and recommendation adopted, C/A No. 5:17-0760-PMD, 2017 WL 6270604 (D.S.C. Dec. 7, 2017) (holding corrections officers and SCDC in privity for purposes of res judicata analysis as to claim brought by prisoner pursuant to 42 U.S.C. § 1983 concerning alleged excessive force and medical indifference claims, even where corrections officers had been dismissed prior to the end of the previous state-court case pursuant to the SCTCA and where plaintiff sued only corrections officers in the second federal case); *Reliford v. Paige*, C/A No. 3:00-210-17BC, 2001 WL 34085612, at *3 (D.S.C. Mar. 22, 2001), as modified, C/A No. 3:00-210-17BC, 2001 WL 34085613 (D.S.C. Mar. 30, 2001) (finding privity where "[i]n the prior action, the defendants included 'Medical Staff at Aiken County Jail,'" and Lonnie McCarthy, the Aiken County Jail administrator" and where in the second action "plaintiff has merely named two specific medical staff members", a "Captain Dan," and "unknown shift supervisors who worked under McCarthy"); *James v. Wright*, C/A No. 1:13-1438-TMC, 2014 WL 2612487, at *4 (D.S.C. June 9, 2014) (finding individual defendant SCDC employees and the SCDC were in privity for res judicata purposes).

26, 2015).

7

Third, Plaintiff's current claims arise out of the same occurrence that was the subject of *Brown I*, Plaintiff had the opportunity to bring his current claims in the prior state court action, and Plaintiff does not appear to argue otherwise. [*See* ECF No. 15]. Although Plaintiff previously only brought constitutional claims pursuant to 42 U.S.C. § 1983 and now brings both constitutional claims and negligence-based state law claims, "[t]he identity of the subject matter of the two suits rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief." *James*, 2014 WL 2612487, at *5 (D.S.C. June 9, 2014) (citing *Plum Creek Dev. Co. v. City of Conway*, 512 S.E.2d 106, 109–10 (S.C. 1999)). Plaintiff's claims in this action arise from the same set of facts that gave rise to his claims in *Brown I*, and the claims presented in this action existed at the time of *Brown I*. *See, e.g., In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).

Accordingly, the undersigned recommends the district judge grant Tutt's motion to dismiss,[3] and dismiss Plaintiff's claims with prejudice as to all defendants.[4]

---

[3] Given the recommendation above, it is not necessary to address Tutt's alternative argument that he is immune from suit pursuant to the SCTCA for Plaintiff's state law causes of action.

[4] Plaintiff alleges that the John Does "were at all relevant times employees, agents, contractors, or otherwise under the employ of Defendant SCDC." [ECF No. 1-1 ¶ 4]. Therefore, it appears that claims brought by Plaintiff

III.    Conclusion

For the foregoing reasons, the undersigned denies as moot the parties' motion for extension of time [ECF No. 17] and recommends the district judge grant Tutt's motion to dismiss [ECF No. 10], deny SCDC's motion to dismiss [ECF No. 14], and dismiss Plaintiff's claims against all defendants with prejudice.

IT IS SO ORDERED AND RECOMMENDED.

October 21, 2021                         Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

against John Doe defendants would also be barred by res judicata.

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).