**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
MCCORMICK DIVISION**

| | |
|---|---|
| ISAIAH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:21-cv-02784-DCN-SVH |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS; JOEY WESLEY TUTT, ) | **ORDER** |
| *in his individual capacity as Corrections* ) | |
| *Officer at McCormick Correctional* ) | |
| *Institution*; and JOHN DOES 1–10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Magistrate Judge Shiva V. Hodges's report and recommendation ("R&R"), ECF No. 18, that the court grant defendant Joey Wesley Tutt's ("Tutt") motion to dismiss, ECF No. 10, deny defendant South Carolina Department of Corrections' ("SCDC") motion to dismiss, ECF No. 14, and dismiss plaintiff Isaiah Brown's ("Brown") claims with prejudice as to all defendants. For the reasons set forth below, the court adopts the R&R and dismisses Tutt's claims against all defendants.

## I. BACKGROUND

Brown was, at all relevant times, an inmate at the McCormick Correctional Institution. Tutt was, at all relevant times, a corrections officer at McCormick Correctional Institution. Brown alleges that on or about August 8, 2019, Tutt assaulted Brown by using chemical munitions and by punching and kicking Brown. Brown further alleges that he suffered serious injuries from Tutt's assault and received no emergency care or medical care.

1

In a case that was previously before this court, Brown, proceeding pro se, filed a complaint against Tutt on September 3, 2019. Brown v. Tutt, 1:19-cv-02481-DCN-SVH (2019) ("Brown I"). In Brown I, Brown alleged that Tutt assaulted him by using unauthorized chemical munitions and by punching and kicking him in violation of his Eight Amendment rights under 42 U.S.C. § 1983. See Brown I (ECF No. 1). On March 20, 2020, Tutt filed a motion for summary judgment in that case. Brown I (ECF No. 39). Brown failed to respond, despite multiple court orders directing him to do so, and on June 1, 2020, the court dismissed the complaint with prejudice for failure to prosecute. Brown I (ECF No. 47).

On June 28, 2021, Brown, proceeding with counsel, filed a complaint in the McCormick County Court of Common Pleas against Tutt, SCDC, and multiple John Does, alleging (1) negligence, (2) negligent hiring, (3) negligent supervision, (4) negligent retention, and (5) violation of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983. ECF No. 1-1, Compl. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Hodges.

On September 14, 2021, Tutt filed his motion to dismiss. ECF No. 10. Brown responded in opposition on October 12, 2021, ECF No. 15, and Tutt replied on October 19, 2021, ECF No. 16. On September 28, 2021, SCDC filed its motion to dismiss. ECF No. 14. On October 21, 2021, Brown filed a motion for extension of time to respond to the motion. ECF No. 34. On October 21, 2021, Magistrate Judge Hodges issued the R&R, recommending that the court grant Tutt's motion to dismiss, deny the motion for extension of time, and deny SCDC's motion to dismiss. ECF No. 18. On November 4,

2021, Brown filed his objections to the R&R. ECF No. 19. On November 18, 2021, SCDC responded to Brown's objections. Brown did not file a reply, and the time to do so has now expired. As such, the matter is now ripe for the court's review.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory

objections without directing a court's attention to a specific error in a magistrate judge's proposed findings. Id.

### III.   DISCUSSION

Tutt moved for dismissal of the complaint on two bases: (1) the doctrine of res judicata, and (2) sovereign immunity under the South Carolina Tort Claims Act.  The Magistrate Judge recommended that the court grant Tutt's motion to dismiss based on res judicata.  The Magistrate Judge determined that based on the judgment in Brown I, the claims against Tutt in this action met all three elements of claim preclusion.  See ECF No. 18, R&R at 5–8.  Specifically, the Magistrate Judge explained that (1) the dismissal for failure to prosecute in Brown I was on the merits, (2) the parties are identical, and (3) Brown's current claims arise out of the same occurrence that was the subject of Brown I.  See id. (citing Pittson Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)).  Brown, adopting the same position as he had in his response to Tutt's motion to dismiss, agreed that he could not maintain a § 1983 claim against Tutt in federal court and did not object to the Magistrate Judge's recommendation on those grounds.  See ECF No. 19 at 1 ("Plaintiff, as previously stated, takes no objection with dismissal of any § 1983 action against Tutt.").  Accordingly, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond, 416 F.3d at 315 (internal quotations and citation omitted).  After reviewing the record in this case, the applicable law, and the R&R's analysis, the court finds no clear error in the Magistrate Judge's finding that Brown's claims against Tutt are precluded based on res judicata and that Tutt's motion to dismiss should be granted.  The court therefore adopts the R&R in this respect.

Next, the Magistrate Judge recommended that the court deny SCDC's motion to dismiss based on its failure to comply with Local Civil Rules 7.04 and 7.05 (D.S.C.). R&R at 3 n.1. SCDC failed to brief its motion to dismiss, and the Magistrate Judge recommended denying SCDC's motion for failure to comply with those rules. SCDC does not object to the R&R's recommendation, and again, the court finds no clear error in the Magistrate Judge's determination.

Nevertheless, the Magistrate Judge recommended that the court sua sponte find that Brown's claims against all defendants—including SCDC and the John Does—should be dismissed with prejudice based on res judicata. The Magistrate Judge reasoned that although Tutt was the only defendant in Brown I, SCDC and any of its employees, agents, or contractors are in privity with Tutt. The Magistrate Judge further explained that while the propriety of Brown's claims against SCDC were not properly raised, the court may raise the issue of res judicata sua sponte. R&R at 6 n.2 (citing Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006)). Brown does not object to the Magistrate Judge's finding that SCDC is in privity with Tutt, and the court adopts that finding. Instead, Brown objects to the Magistrate Judge's dismissal of the case with prejudice, which Brown perceives as a recommendation that the court preclude Brown from bringing his state claims in state court. In support, Brown argues that South Carolina state courts may still allow Brown's state law claims to proceed if there was no determination as to the facts surrounding his state law claims in federal court. However, as the court reads it, the R&R did not address the preclusive effect of Brown I in state court. Instead, the R&R was analyzing the preclusive effect of Brown I in the instant action. Brown's objection is misplaced, and the court overrules the objection.

5

As stated above, Brown argues in his objections that the R&R overlooked South Carolina law on res judicata establishing that a dismissal for failure to prosecute does not preclude the state court from considering issues not expressly adjudicated in the federal court proceeding. See Jones v. City of Folly Beach, 483 S.E.2d 770, 773 (S.C. 1997). Brown argues that although the complaint in Brown I was dismissed for failure to prosecute, the decision in Brown I did not adjudicate any issues of South Carolina law because Brown did not raise any state law claims in that case. As a preliminary matter, Jones does not impact the court's decision to dismiss the claims in this case due to res judicata. Since this case involves the preclusive effect of a federal court judgment, the R&R properly applied federal law of claim preclusion. Compare First Pac. Bancorp, Inc. v. Helfer, 224 F.3d 1117, 1128 (9th Cir. 2000) (citation omitted) ("When considering the preclusive effect of a federal court judgment, we apply the federal law of claim preclusion."), with Zimmerman v. Coll. of Charleston, 2013 WL 4523585, at *3 (D.S.C. Aug. 26, 2013) (citing Allen v. McCurry, 449 U.S. 90, 95–96 (1980) ("To determine the preclusive effect of a state court judgment, federal courts look to state law."). As such, the R&R did not clearly err in determining that under Federal Rule of Civil Procedure 41(b), "if a plaintiff fails to prosecute or comply with these rules or a court order, a dismissal under this rule operates as an adjudication on the merits." R&R at 6 (citing Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 319 (4th Cir. 2002)).

However, as it relates to the viability of Brown's state law claims in state court, that issue is not one for the federal court to decide. "[A] court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.'" Smith v. Bayer Corp., 564 U.S. 299, 307 (2011) (citing 18 Wright & Miller, Federal Practice &

6

Procedure § 4405 (2002)).  "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court . . . ."  Id. (emphasis in original); see also Midway Motor Lodge v. Innkeepers' Telemanagement & Equip. Corp., 54 F.3d 406, 409 (7th Cir. 1995) ("In the law of preclusion . . . the court rendering the first judgment does not get to determine that judgment's effect; the second court is entitled to make its own decision . . . ."); WTGD 105.1 FM v. SoundExchange, Inc., 2014 WL 12819789, at *12 (W.D. Va. Sept. 12, 2014) ("This Court can neither predict nor control how other judges might rule were Plaintiffs to raise this defense in future litigation.").  Since the instant action was removed from state court based on the inclusion of a § 1983 claim, this court is the "second court" and is thus able to determine the preclusive effect of its own judgment from Brown I on itself.  However, in a case that is properly before the state court, this court would lack jurisdiction to decide whether res judicata applies, including whether South Carolina's rules may or may not allow the claims to proceed where federal law does not.

To the extent that SCDC is requesting that the court interfere with state court proceedings by declaring that Brown's state court claims are precluded in state court as well, such interference would also violate the Anti-Injunction Act, 28 U.S.C. § 2283, which bars the court from enjoining state proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  Courts have held that the last exception—commonly known as the relitigation exception—"does not encompass all aspects of claim preclusion." Weyerhaeuser Co. v. Wyatt, 505 F.3d 1104, 1110 (10th Cir. 2007).  "Instead, it authorizes injunctions against state adjudication of issues that 'actually have been

7

decided by the federal court.'" Id. (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 148 (1988)). Therefore, "when a federal court has not passed on a specific claim, the main concern raised by subsequent state litigation is harassment of the opposing party . . . , but [such a concern] is the province of res judicata, a defense that a party is free to raise in the subsequent state-court suit." Id. (citing Staffer v. Bouchard Transp. Co., 878 F.2d 638, 643 (2d Cir. 1989)). Since the court determined in this order that Brown's claims against SCDC and the John Does are precluded along with his § 1983 claim against Tutt, the court did not "actually litigate and decide" the merits of the state law claims, such that it may issue an injunction against litigating in state court. See id. In other words, the Anti-Injunction Act also advises that dismissal with prejudice in this case does not bar Brown from presenting his claims in state court[1]—or, relatedly, bar defendants from raising res judicata in the state-court suit. But as the court emphasized above, the R&R did not purport to bar any claims in state court. Therefore, the court adopts the R&R and dismisses Brown's claims against all defendants with prejudice.

## IV.  CONCLUSION

For the foregoing reasons the court **ADOPTS** the Magistrate Judge's R&R and **GRANTS** Tutt's motion to dismiss, **DENIES** SCDC's motion to dismiss, and **DISMISSES** Brown's claims against all defendants with prejudice in accordance with this order.

---

[1] Cf. Fontaine v. Home Box Office, Inc., 654 F. Supp. 298 (C.D. Cal. 1986), abrogated on other grounds, In re De Laurentiis Ent. Grp. Inc., 963 F.2d 1269 (9th Cir. 1992) (observing the possibility that "pendent State law claims" may be "dismissed, with prejudice to further proceedings in Federal Court but without prejudice to further proceedings in State Court").

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**April 28, 2022
Charleston, South Carolina**